*NOT FOR PUBLICATION*

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

| | |
|---|---|
| PATRICK KREPPS, ) | |
| ) | D.C. CRIM. APP.NO. 1999/0047 |
| Appellant, ) | |
| v. ) | Sup. Ct. Crim.No. F394/1997 |
| ) | |
| GOVERNMENT OF THE VIRGIN ISLANDS, ) | |
| ) | |
| Appellee. ) | |
| ) | |
| ) | |

On Appeal from the Superior Court of the Virgin Islands

Considered: August 15, 2008
Filed: April 22, 2009

Before:   **CURTIS V. GÓMEZ**, Chief Judge, District Court of the
          Virgin Islands; **RAYMOND L. FINCH**, Judge of the District
          Court of the Virgin Islands; and **MICHAEL C. DUNSTON**,
          Judge of the Superior Court, sitting by designation.

**Appearances:**

**Harold Willocks, Esq.**
St. Croix, U.S.V.I.
        Attorney for Appellant.

**Maureen Phelan, AAG**
St. Thomas, U.S.V.I.
        Attorney for Appellee.

## Memorandum Opinion

*Krepps v. Gov't of the V.I.*
D.C.Crim. App. No. 1999/0047
Memorandum Opinion
Page 2

## I. ISSUES PRESENTED

**THIS MATTER** is before the Court on Appellee's Motion to Dismiss for Lack of Jurisdiction[1] and the Appellant's Opposition thereto.

## II. FACTUAL AND PROCEDURAL POSTURE

On April 13, 2006, this Court by Appellate Panel, issued a per curiam memorandum opinion and order affirming Patrick Krepps' ("Appellant" or "Krepps") conviction of Murder in the Second Degree in the Superior Court of the Virgin Islands. In response, on May 8, 2006, Krepps filed an untimely notice of appeal to the Third Circuit Court of Appeals challenging this Court's April 13, 2006 decision.[2]

However, on April 24, 2007, the Third Circuit Of Appeals remanded the matter back to this Court with instructions to treat and docket Krepps' May 8, 2006 notice of appeal as a Motion for Extension of Time pursuant to Fed. R. App. P. 4(b)(4).

On remand, Appellee, Government of the Virgin Islands challenges the Motion for Extension of Time (originally filed as a notice of appeal). The Government contends that the notice of appeal was filed out of time, without excusable neglect or good

---

[1] Appellant also opposes Krepps' Motion for Extension of Time.

[2] Krepps' May 8, 2006 filing fell outside the ten-day statutory period to appeal an adverse district court judgment in a criminal case to the Third Circuit Court of Appeals. *See* Fed. R. APP. P. 4(b)(1)(A)(i).

*Krepps v. Gov't of the V.I.*
D.C.Crim. App. No. 1999/0047
Memorandum Opinion
Page 3

cause, as such, the Government argues that neither this Court nor the Third Circuit Court of Appeals may properly exercise jurisdiction over this matter.[3]

Krepps counters that he received no notice from this Court of the opinion or order affirming his conviction. Krepps avers that he first received notice that a decision was made, when on May 3, 2006, a Virgin Islands Daily News article was published that reported our affirmance of Krepps' criminal conviction. Upon learning of the opinion and order from the Virgin Island Daily News, Krepps contends that his counsel, sought and obtained a copy of the decision from this Court. On May 8, 2008, his notice of appeal was filed.

## III. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to consider the judgments and orders of the Superior Court in criminal cases. 4 V.I.C. § 33; Section 23A of the Revised Organic Act of 1954. "The timely filing of a notice of appeal is a mandatory jurisdictional prerequisite to the right to appeal." *Soldiew v. Government of the Virgin*

---

[3] "Rule 3 and Rule 4 combine to require that a notice of appeal be filed with the clerk of the district court within the time prescribed for taking an appeal [and, because] the timely filing of a notice of appeal is 'mandatory and jurisdictional,' compliance with the provisions of those rules is of the utmost importance." Rule 3, Advisory Committee Note, Federal Rules of Appellate Procedure (internal citations omitted) (cited with approval in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315, (1988)); *United States v. Carelock*, 459 F.3d 437, 440 (3d Cir. 2006); *Poole v. Fam. Ct. of New Castle County*, 368 F.3d 263, 264 (3d Cir. 2004)("The timeliness of an appeal is a mandatory jurisdictional prerequisite.")

*Krepps v. Gov't of the V.I.*
D.C.Crim. App. No. 1999/0047
Memorandum Opinion
Page 4

*Islands*, 30 V.I. 112, 1994 U.S. Dist. LEXIS 7039, Civ. No. 92-108, 1995 WL 48467, at *1 (D.V.I. 1995)(quoting *United States v. Grana*, 864 F.2d 312, 314 (3d Cir. 1989)). This Court exercises plenary review over statutory interpretation, jurisdiction and questions of law. *Government v. Petersen*, 131 F. Supp. 2d 707, 709 (D.V.I. App. Div. 2001).

**IV. DISCUSSION**

Rule 4(b) of the Federal Rules of Appellate Procedure provides that "in a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the entry of [judgment.]" Fed. R. APP. P. 4(b)(1)(A)(i). The date the judgment of the Appellate Division was entered is the date it was noted on the court's docket. *See* V.I. R. APP. P. 28 ["VIRAP"] ("[t]he notation of a judgment in the docket constitutes entry of the [judgment]"); *see also Edwards v. Gov't of the V.I.*, 2001 U.S. Dist. LEXIS 19085 (D.V.I. Nov. 20, 2001).

This court docketed its memorandum opinion and order on April 13, 2006. Krepps filed his notice of appeal on May 8, 2006, twenty-four days after the judgment issued and fourteen days outside of the ten day statutory window provided by Rule 4(b)(1).[4]

---

[4]
Most appellate courts have interpreted Rule 4(b) to mean that, in criminal cases, a notice of appeal filed within thirty days after the expiration of the filing period functions as a request for an extension of time due to excusable neglect. *See Williams v. EMC Mortgage Corp.*, 216 F.3d 1295, 1297 (11th Cir. 2000) ; *Peters v. Gov't of the Virgin Islands*, 2002 U.S.

*Krepps v. Gov't of the V.I.*
D.C.Crim. App. No. 1999/0047
Memorandum Opinion
Page 5

However, Rule 4(b) further provides that:

> Upon a finding of excusable neglect or good cause,
> the district court may -- before or after the time
> has expired, with or without motion and notice --
> extend the time to file a notice of appeal for a
> period not to exceed 30 days from the expiration of
> the time otherwise prescribed by this Rule.

*Id.*

Fed. R. App. P. 4(b)(4) specifically provides that
this court may extend the time to perfect a notice of
appeal, not to exceed thirty days, as a matter of course.
*See id; United States v. Simms,* 46 Fed. Appx. 63, 65 (3d
Cir. 2002). Krepps' May 8, 2006 late notice of appeal falls
squarely within the thirty day extension provided by the
rule. We find that Krepps' reasons for filing his notice
of appeal outside of the ten day period constitute
excusable neglect.[5] As such, we grant Krepps' Motion for

---

Dist. LEXIS 1287 (D.V.I. Jan. 23, 2002).

[5] Because Krepps was convicted in 1999, his appeal is governed by the
Rules of Appellate Procedure in place at that time. *See Peters v. Gov't of the
Virgin Islands,* 2002 U.S. Dist. LEXIS 1287 (D.V.I. 2002). In 1997, the Rules
of Appellate Procedure allowed a trial court to grant an extension of time to
file an appeal only upon a "showing of excusable neglect." FED. R. APP. P.
4(b)(4) (1997). In 1998, Rule 4(b) was amended to permit courts to grant an
extension of time upon a "finding of excusable neglect or good cause." *See* Fed
Rules App Proc. R. 4 Advisory Committee Note to subdivision b. First, the
rule's 1998 amendment gives the district court discretion to grant extensions
for good cause whenever the court believes it appropriate to do so provided
that the extended period does not exceed 30 days after the expiration of the
time otherwise prescribed by Rule 4(b). *Id.* Second, paragraph (b)(4) was
amended to require only a "finding" of excusable neglect or good cause and not
a "showing" of them. *Id.* Because the rule authorizes the court to provide an
extension without a motion, a "showing" is obviously not required; a "finding"
is sufficient. *Id.*

*Krepps v. Gov't of the V.I.*
D.C.Crim. App. No. 1999/0047
Memorandum Opinion
Page 6

Extension of Time. We deny the Government's Motion in

Opposition and Motion to Dismiss for Lack of Jurisdiction.

An order consistent with this opinion shall follow.

## V. CONCLUSION

The premises duly considered, and for the reasons

cited above, we hereby **GRANT** Appellant's Motion for

Extension of Time.